Holly Sutherland (ISB #9521)
Avery Law 3090 E. Gentry, STE 150
Meridian, ID 83642
Telephone: (208) 639-9400
Facsimile: (208) 994-3182

Attorney for Debtor(s)

UNITED STATES BANKRUPTCY COURT
DISTRICT OF IDAHO

| | | |
|---|---|---|
| In Re: | ) | |
| | ) | |
| Marcia Colvin | ) | Case No. 23-40116-JMM |
| | ) | |
| | ) | Chapter 13 |
| Debtor(s) | ) | |
| | ) | |
| _____ | ) | |

**Notice of Motion to Extend the Deadline to File A Proof of Claim Under**

**Rule 3004, Opportunity to Object, and Right to a Hearing**

**No Objection.** The Court may consider this request for an order without further notice or hearing unless a party in interest files an objection within twenty-one (21) days of the date of this notice.

If an objection is not filed within the time permitted, the Court may consider that there is no opposition to the granting of the requested relief and may grant the relief without further notice or hearing.

**Objection.** Any objection shall set out the legal and/or factual basis for the objection. A copy of this objection shall be served on the movant.

**Hearing on Objection.** The objecting party shall also contact the court's calendar clerk to schedule a hearing on the objection and file a separate Notice of Hearing.

COMES NOW, Marcia Colvin, Debtor herein, by and through Holly Sutherland of Avery Law, and hereby moves this court to extend the deadline to file a proof of claim for Aaron's Rent to Own for several rental lease agreements pursuant to Federal Rules of Bankruptcy Procedure 9006(b)(1) and 3004. The factual and legal basis for this Motion is as follows:

1. Debtor filed an Amended Chapter 13 Plan on July 10, 2023 (Dkt No. 33).

2. Debtor's Amended Plan includes payments for the Debtor's five (5) rental leases with Aaron's Rent to Own to allow the trustee to pay the default and ongoing future payments.

3. The Proof of Claim deadline date was May 24, 2023.

4. Aaron's Rent to Own failed to file a proof of claim by the bar claim date.

5. Debtor's Amended Chapter 13 Plan was submitted after the Creditor's and Counsel's bar claim date. Debtor's Counsel realized a timely proof of claim has not been submitted.

6. Debtor currently has six (6) rental lease agreements with Aaron's Rent to Own. Debtor wishes to assume five (5) of the six (6) agreements. Debtor wishes to retain the property secured by the current rental leases. Debtor wishes to pay any default and the ongoing rental contract payments through the Trustee. If payments are not made on the rental leases, the creditor may file for relief from the automatic stay to obtain and liquidate the property.

7. Federal Rule of Bankruptcy Procedure 3004 provides, in relevant part: "If a creditor does not file a timely proof of claim under Rule 3002(c)...the Debtor or Trustee may file a Proof of Claim within thirty (30) days after the expiration of the time for filing claims prescribed by Rule 3002(c).

8. Thirty days after the Proof of Claim deadline was June 23, 2023. Debtor did not file a Proof of Claim for Aaron's Rent to Own by this deadline. Debtor was unaware, at that time, that she intended to pay the leases through the Amended Chapter 13 Plan.

9. Federal Rule of Bankruptcy Procedure 9006(b)(1) provides, in relevant part: "Except

as provided in paragraphs (2) and (3) of this subdivision, when an act is required or allowed to be done at or within a specified period by these rules or by a notice given thereunder or by Order of the court, the court for cause shown may at any time in its discretion...(2) on Motion made after the expiration of the specified period permit the act to be done where the failure to act was a result of excusable neglect."

10. Federal Rule of Bankruptcy Procedure 9006(b)(2) and (3)-reference in Rule 9006(b)(1)- provides the Rules, which deadlines are (i) forbidden to be extended by the court; or (ii) enlargement by the court are governed exclusively by other rules, respectively.

11. Federal Rule of Bankruptcy Procedures 3004, is not governed by Federal Rule of Bankruptcy Procedure 9006(b)(2) or (3) and thus enlargement of the time to act under Rule 3004 is allowable, if the other requirements of Rule 9006(b)(1) are met: namely cause shown and a showing of excusable neglect.

12. "The determination of whether neglect is excusable" is 'an equitable one, taking account all relevant circumstances surrounding the party's omission." Zilog, Inc. V. Corning (in Re Zilog, Inc), 450 F. 3d 995, 1003 (9th Cir. 2006)(quoting Pioneer Inv. Servs. Co v. Brunswick Assocs. Ltd. P'Ship, 507 U.S. 380, 395 (1993)). "Such circumstances include "the danger of prejudice to the Debtor, the length of the delay and it's potential impact on judicial proceedings, the reason for the delay… and whether the movant acted in good faith."

13. Debtor's neglect is excusable here and good cause is shown for relief under Federal Rule of Bankruptcy Procedure 9006(b)(1). Debtor intended, as demonstrated by the Amended Plan, to pay five (5) of the six (6) leases owed to Aaron's Rent to Own through the plan and intended to retain the property. Debtor's Amended Plan was filed several weeks after the Creditor's and the Debtor's deadline to file a Proof of Claim for the Credit. Otherwise, Debtor would have been proactive and filed Proof of Claim(s) on behalf of Aaron's Rent to Own under Federal Rule of Bankruptcy Procedure 3004 in order to retain the property.

Debtor intends to keep five (5) of the six (6) items leased through Aaron's Rent to Own and given this position, there is no danger of prejudice to the Creditors. Moreover, the length of delay and it's potential impact on judicial proceedings factors do not cut against a finding of excusable neglect. Debtor's counsel has been working with Aaron's Rent to Own to obtain copies of the rental lease agreements and payment records. Allowance of the Aaron's Rent to Own contracts will not delay judicial proceedings because the plan has not been confirmed. Other creditors will not be negatively impacted as Debtor is increasing her plan payments to fund this claim and provide additional funds to the other general unsecured creditors.

WHEREFORE, Debtor hereby respectfully requests, upon good cause shown above, that the Court grant this Motion and allow the Debtor additional time under Federal Rule of Bankruptcy Procedure 3004 to file a Proof of Claim on behalf of Aaron's Rent to Own.

Dated this 18th day of August, 2023.

/s/ Holly Sutherland
Attorney for Debtor

CERTIFICATE OF SERVICE

COMES NOW, Crystal M. Robertson, and hereby certifies that on August 18, 2023, I electronically filed the Motion to Extend the Deadline to File a Proof of Claim on the CM/ECF system, which sent a notice to the following persons:

Kathleen McCallister @ kam@kam13trustee.com

U.S. Trustee @ ustp.region18.bs.ecf@usdoj.gov

And, I hereby certify that I served a true and correct copy of the above mentioned was served on August 18, 2023, upon the following person(s) by mailing with the necessary postage affixed thereto:

Marcia Colvin
1052 Royal Avenue
Idaho Falls, ID 83401

Aarons Rent to Own
1385 E. 17th Street
Idaho Falls, ID 83404

Aaron's Rent to Own
400 Galleria Pkwy SE, STE 300
Atlanta GA 30368

/s/ Crystal Robertson
Chapter 13 Paralegal